## SETTLEMENT AGREEMENT, WAIVER, AND MUTUAL RELEASE

This Settlement Agreement, Waiver, and Mutual Release ("Agreement") is made and entered into on the last day set forth on the signature pages hereto by ANNETTE KUULEI AGUSTIN ("ANNETTE"), GEORGE BRUNO AGUSTIN SR. ("GEORGE SR."), and JEFFREY KANE AGUSTIN ("JEFFREY") (referred to herein as the "AGUSTINS"), PNC BANK, NATIONAL ASSOCIATION incorrectly named in the Complaint as PNC FINANCIAL SERVICES GROUP, INC., SUCCESSOR BY MERGER TO NATIONAL CITY BANK (referred to herein as "PNC"), and FIRST AMERICAN TITLE COMPANY, INC. ("FIRST AMERICAN") (PNC and FIRST AMERICAN are collectively referred to herein as "Defendants"). In the remainder of this Agreement, the foregoing individuals and entities shall be referred to collectively as the "Parties." The purpose of the Agreement is to resolve by compromise and settlement, the claims, liabilities, and disputes between the Parties.

### RECITALS

WHEREAS, PNC is currently the servicer of the first priority mortgage loan that is comprised of: (1) an Adjustable Rate Note dated February 9, 2007, in the principal amount $278,400.00, in favor of National City Mortgage ("NCM") ("First Note"); and (2) a mortgage dated February 9, 2007, in favor of NCM as lender ("First Mortgage") (the First Note and First Mortgage are referred to herein as the "First Loan"). ANNETTE is the borrower under the First Loan. ANNETTE and GEORGE SR. are the mortgagors under the First Loan. The First Mortgage encumbers the real property located at 15-1493 23rd Avenue, Keaau, HI 96749 (the "Property") and was recorded on February 22, 2007, in the Office of the Assistant Registrar, State of Hawaii, as Document No. 3563400 on Cert(s) 846,400;

1

EXHIBIT 1

PNC001898

WHEREAS, ANNETTE is the borrower under a second loan comprised of: (1) a Fixed Rate Note and Security Agreement dated February 9, 2007, in the principal amount of $52,200.00, in favor of NCM ("Second Note"); and (2) a mortgage dated February 9, 2007, in favor of NCM as lender ("Second Mortgage") (the Second Note and Second Mortgage are referred to herein as the "Second Loan"). The Second Mortgage encumbers the Property and was recorded on February 22, 2007, in the Office of the Assistant Registrar, State of Hawaii, as Document No. 3563401 on Cert(s) 846,4000;

WHEREAS, FIRST AMERICAN was the escrow depository regarding the First Loan and Second Loan;

WHEREAS, on October 1, 2008, NCM was merged with and into National City Bank ("NCB"), and on November 6, 2009, NCB merged into PNC. NCM was the original lender and mortgagee under the First Loan and Second Loan.

WHEREAS, on September 9, 2009, the AGUSTINS commenced an action against Defendants in the United States District Court for the District of Hawaii, Case No. 09-cv-00423-SOM-KSC (the "Litigation"). The claims asserted by the AGUSTINS arise primarily from the allegations that NCM failed to make the requisite disclosures pursuant to the Truth and Lending Act and that Defendants engaged in deceptive and unfair trade practices, etc.

WHEREAS, each party to this Agreement considers it to be in its best interest, and to their advantage to settle, adjust and compromise all claims and defenses which have been or could be asserted arising from the First Note; First Mortgage; Property; as well as all claims which have been or could have been asserted against PNC relating to the Second Note, Second Mortgage, Property; and the Litigation (collectively referred to as the "Dispute") and all other claims and defenses which

2

have been or could be asserted by any party hereto against any other party hereto arising from the Dispute;

WHEREAS, in order to avoid the cost and uncertainty of further litigation and trial, the Parties desire to compromise and settle any and all claims asserted in the Litigation, and any and all known or unknown claims that they may have against the other related to the First Loan and Second Loan and each without admitting any liability.

WHEREAS, the Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all the Parties, desire to fully compromise, finally settle, and fully release all claims, disputes and differences between the Parties, and to dismiss the Litigation with prejudice and without an award of costs or attorney's fees to any of the Parties.

## SETTLEMENT AGREEMENT

NOW THEREFORE, in order to resolve the potential claims and defenses arising from the Dispute without further litigation and with mutual promises and obligations, the Parties agree to the following terms:

1. By 12:00 p.m. on May 11, 2011, the AGUSTINS and all others occupying the Property shall voluntarily vacate and surrender possession of the Property to PNC, or its designee in substantially the same condition as the Property was in on January 11, 2011 and in compliance with paragraph 4 herein. By 12:00 p.m. on May 11, 2011, the AGUSTINS shall deposit the keys to the Property in escrow with Title Guaranty, Hilo, Hawaii (the "Escrow Agent"). The Escrow Agent shall immediately release the keys to the Property to PNC;

2. PNC shall be allowed to exercise its right to foreclose on the First Mortgage pursuant to its power of sale as of the date of this Agreement. This includes marketing the Property for sale from the date of this Agreement;

3. The AGUSTINS shall provide full cooperation to PNC in PNC's efforts to foreclose

3

PNC001900

against the Property under the First Mortgage. The AGUSTINS will not oppose any foreclosure of the Property and will accept service in said foreclosure;

4.      The AGUSTINS will continue to maintain the Property and shall not remove any fixtures from the Property prior to or upon their surrender of possession on or before May 11, 2011;

5.      Upon vacating and turning over possession of the Property, the AGUSTINS shall file or cause to be filed a STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ALL CLAIMS AND ALL PARTIES ("Request for Dismissal of the Litigation") with prejudice. The Request for Dismissal shall dismiss the entire Litigation, against all parties, with prejudice. The Parties agree that each party will bear its own costs and attorney fees in connection with the Litigation, the Dispute, and the negotiations leading to this Agreement;

6.      Within thirty (30) calendar days of the date of filing of the Request for Dismissal of the Litigation or execution of the Agreement, FIRST AMERICAN shall pay the AGUSTINS thirty-five thousand dollars ($35,000.00) only. FIRST AMERICAN shall deposit its payment to the AGUSTINS (the "First American Payment") in escrow with the Escrow Agent. The Escrow Agent shall release the First American Payment to the AGUSTINS upon receipt of the First American Payment from FIRST AMERICAN;

7.      PNC shall pay the AGUSTINS five thousand dollars ($5,000.00) only. PNC shall deposit its payment to the AGUSTINS (the "PNC Payment") in escrow with the Escrow Agent on or before May 11, 2011. The Escrow Agent shall not release the PNC Payment to the AGUSTINS until PNC conducts an inspection of the Property and finds the Property in broomswept condition;

8.      The AGUSTINS shall be responsible for all fees and expenses charged or incurred by the Escrow Agent in providing the services required under this Agreement.

9.      PNC shall not seek a deficiency judgment against ANNETTE or any of the AGUSTINS for the amounts due under the First Note if the AGUSTINS perform in accordance with the terms of this Agreement; and

10.     Magistrate Judge Kevin S.C. Chang of the United States District Court for the District of Hawaii has agreed to retain jurisdiction over this Agreement until the obligations under this

4

PNC001901

Agreement are fully discharged by all Parties.

11.    Release of AGUSTINS.  For and in consideration of the terms and conditions of this Agreement, PNC does, for itself, and any and all past, present or future parents, subsidiaries, general partners, limited partners, affiliates, predecessors and successors, as well as their officers, directors, shareholders, employees, agents, members, heirs, administrators, guarantors, indemnitors, and assigns and all persons and entities acting by, through, under or in concert with them (the "PNC Releasors"), absolutely and unconditionally release the AGUSTINS, as well as their heirs, executors, executrixes, administrators, administratrixes, predecessors, successors, subrogees, and assigns (the "AGUSTIN Releasees"), from any and all claims, demands, actions or causes of action, of whatever nature or description, known or unknown, now existing or hereafter acquired, and whether or not asserted in the Litigation, which the PNC Releasors ever had, now have, or may hereafter acquire against the AGUSTIN Releasees, arising out of or related in any manner to conduct of the AGUSTIN Releasees regarding the First Note and First Mortgage arising after the date of this Agreement, except for the obligations of the AGUSTINS under the terms and conditions of this Agreement.

For and in consideration of the terms and conditions of this Agreement, FIRST AMERICAN does, for itself, its parents, subsidiaries, general partners, limited partners, affiliates, predecessors and successors, as well as their officers, directors, shareholders, employees, agents, members, heirs, insurers and attorneys, administrators, guarantors, indemnitors, and assigns (the "FIRST AMERICAN Releasors"), absolutely and unconditionally release the AGUSTIN Releasees, from any and all claims, demands, actions or causes of action, of whatever nature or description, known or unknown, now existing or hereafter acquired, and whether or not asserted in the Litigation, which the FIRST AMERICAN Releasors ever had, now have, or may hereafter acquire against the AGUSTIN Releasees, arising out of or related in any manner to conduct of the AGUSTIN Releasees regarding

5

the First Note and First Mortgage arising after the date of this Agreement, except for the obligations of the AGUSTINS under the terms and conditions of this Agreement.

12. <u>Release of PNC</u>.  For and in consideration of the terms and conditions of this Agreement, the AGUSTINS do, for themselves, as well as their heirs, executors, executrixes, administrators, administratrixes, predecessors, successors, subrogees, and assigns and all persons acting by, through, under or in concert with them, or otherwise legally entitled to recover through them (the "AGUSTIN Releasors"), absolutely and unconditionally release PNC and its parents, subsidiaries, general partners, limited partners, affiliates, predecessors and successors, as well as their officers, directors, shareholders, employees, agents, members, heirs, administrators, guarantors, indemnitors, and assigns (the "PNC Releasees"), from any and all claims, demands, actions or causes of action, of whatever nature or description, known or unknown, now existing or hereafter acquired, and whether or not asserted in the Litigation, which the AGUSTIN Releasors ever had, now have, or may hereafter acquire against the PNC Releasees, from the beginning of time to the date of this Agreement, arising out of or related in any manner to the Dispute, except for the obligations of PNC under the terms and conditions of this Agreement.

For and in consideration of the terms and conditions of this Agreement, the FIRST AMERICAN Releasors absolutely and unconditionally release the PNC Releasees from any and all claims, demands, actions or causes of action, of whatever nature or description, known or unknown, now existing or hereafter acquired, and whether or not asserted in the Litigation, which the FIRST AMERICAN Releasors ever had, now have, or may hereafter acquire against the PNC Releasees, from the beginning of time to the date of this Agreement, arising out of or related in any manner to the Dispute, except for the obligations of PNC under the terms and conditions of this Agreement.

13. <u>Release of FIRST AMERICAN</u>.  For and in consideration of the terms and conditions

6

of this Agreement, the AGUSTIN Releasors absolutely and unconditionally release FIRST AMERICAN and any and all past, present or future parents, subsidiaries, general partners, limited partners, affiliates, predecessors and successors, as well as their officers, directors, shareholders, employees, agents, members, heirs, insurers and attorneys, administrators, guarantors, indemnitors, and assigns, and any persons and entities acting by, through, under or in concert with them (the "FIRST AMERICAN Releasees"), from any and all claims, demands, actions or causes of action, of whatever nature or description, known or unknown, now existing or hereafter acquired, and whether or not asserted in the Litigation, which the AGUSTIN Releasors ever had, now have, or may hereafter acquire against the FIRST AMERICAN Releasees, from the beginning of time to the date of this Agreement, arising out of or related in any manner to the Dispute, except for the obligations of FIRST AMERICAN under the terms and conditions of this Agreement.

For and in consideration of the terms and conditions of this Agreement, the PNC Releasors absolutely and unconditionally release the FIRST AMERICAN Releasees from any and all claims, demands, actions or causes of action, of whatever nature or description, known or unknown, now existing or hereafter acquired, and whether or not asserted in the Litigation, which the PNC Releasors ever had, now have, or may hereafter acquire against the FIRST AMERICAN Releasees, from the beginning of time to the date of this Agreement, arising out of or related in any manner to the Dispute, except for the obligations of FIRST AMERICAN under the terms and conditions of this Agreement.

14.     The Parties hereby unconditionally and irrevocably release and forever discharge each other and their respective agents, including any current or former trustee,  from any and all claims, cross-claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages,

PNC001904

judgments, executions, promises, omissions, duties, agreements, rights, demands, obligations and liabilities, of whatever kind or character, direct or indirect, express or implied, whether known or unknown or capable of being known from the beginning of time up to and including the date of this Agreement that are relating to, concerning, or underlying the Dispute and/or any acts or omissions that may have occurred in connection with the Dispute prior to the date of this Agreement.

15. NOTWITHSTANDING THE ABOVE, THE PARTIES AGREE TO THE FOLLOWING RESERVATIONS AND EXCLUSIONS TO THE RELEASE. Nothing in this Agreement shall be interpreted to apply to claims arising out of the failure of a Party to perform in conformity with the terms of this Agreement.

16. Each Party understands that this is a full and final general release covering all known and unknown and unanticipated injuries, claims or damages arising out of or relating to the Litigation. For this reason, the Parties agree that this Agreement shall be a release of all claims relating to the Dispute, whether such claims are currently known, unknown, foreseen or unforeseen, contingent or absolute, and assume full responsibility for any injuries, damages, losses or liability that each may hereafter incur.

The Parties agree that this Agreement shall be a release of all claims relating to the Dispute, whether such claims are currently known, unknown, foreseen or unforeseen, contingent or absolute, and assume full responsibility for any injuries, damages, losses or liability that each may hereafter incur relating to the facts and circumstances of the Dispute. Each party acknowledges that there is a risk that subsequent to the execution of this Agreement it will discover, incur or suffer claims that were unknown or unanticipated at the time this Agreement was executed, and that arose from, or are based upon, or are related to the claims released by it pursuant to this Agreement, which claims, if known upon execution of this Agreement, might have materially affected its decision to execute this

8

PNC001905

Agreement. Each party hereby expressly assumes the risk of such unknown and unanticipated claims and agrees that this Agreement applies to all such claims.

17. **Covenant Not to Sue:** The Parties covenant not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist in instituting or prosecuting any proceeding, or otherwise assert any claim against each other that is released by this Agreement. However, PNC shall be expressly permitted to foreclose against the Property.

18. **Confidentiality:** The Parties agree that none of the Parties, nor anyone acting on their behalf, including their respective counsel, will disclose to anyone the terms of this Agreement, either specifically or in general, in qualitative or descriptive terms or in terms that state or suggest that the settlement was favorable to either Party and agree that the only comment with respect to this settlement shall be that the Dispute was settled; provided, however, that the Parties may reveal the terms of this Agreement to any accountant the Parties may retain with respect to tax advice or reporting or any attorney hired to represent the Parties, to any federal or state taxing authority, or as otherwise required by law; and the Parties shall instruct such accountants or attorneys that the terms of this Agreement are confidential and are to be maintained as such. If the Parties or their counsel are required by an appropriate order of a competent court or directive on an applicable regulatory agency to disclose the terms of this Agreement to individuals other than those set forth above, the Party intending to disclose the terms of the Agreement shall notify the other, in writing, at least fifteen calendar days prior to such disclosure.

19. **No Admission of Liability:** This Agreement is not in any way an admission or concession of the truth of any allegation by any Party, the validity of any claim related to the Dispute, or any fault on the part of any Party, nor should this Agreement be construed otherwise. Any and all such allegations are expressly denied.

PNC001906

20.   **Final and Binding Agreement:**  The Parties represent that they have fully read and understand this Agreement and acknowledge that this Agreement is final.  Except as otherwise herein provided, this Agreement shall be binding upon and inure to the benefit of each member of the Parties hereto, their respective heirs, executors, administrators, successors, assigns, and all persons now or hereafter holding or having all or any part of the interest of a party herein.

21.   **Assignments:**  Each member of each party represents and warrants to each member of the other party that it has not assigned or otherwise transferred or subrogated any interest in any claims that are related in any way to the subject matter of this Agreement.  Each member of each party agrees to indemnify, defend and hold each member of all other Parties fully and completely harmless from any liability, loss, claim, demand, damage, cost, expense and or attorneys' fees incurred by such party as a result of any person or entity asserting such assignment, transfer or subrogation. The AGUSTINS represent that they have not conveyed any interest in the Property to anyone, nor have they allowed any lien against the Property to attach other than the First and second mortgages granted to NCM.

22.   **Knowing and Voluntary Agreement:**   The Parties represent that they are represented by counsel of their choosing or that they have independently made their own analysis and decision to enter into this Agreement, that they have read and fully understand the terms of this Agreement, and that they consider this Agreement to be fair and reasonable.

23.   **No Admission:**  Each member of each party hereto agrees that this Agreement is a result of compromise and shall not be construed as an admission by it of (i) liability to any person and or entity, or (ii) breach of any agreement, or (iii) violation of any law or regulation.

24.   **Ambiguity Not To Be Construed Against Any Party:**  For the purpose of construing or interpreting this Agreement, it shall not be construed strictly for or against any Party, it

10

PNC001907

being agreed that all Parties and their counsel have participated in the preparation and review of this Agreement.

25.     **Complete Agreement:**  The Parties further agree, declare and represent that no promise, inducement, representation or agreement not herein expressed has been made to any Party or caused them to enter this Agreement.  The Agreement contains the entire agreement between the Parties and the terms of the Agreement are contractual and not a mere recital.  This is a fully integrated agreement.  It may not be altered or modified by oral agreement or representation or otherwise except by a writing of subsequent date hereto signed by all Parties in interest at the time of the alteration or modification.  Notwithstanding the foregoing, each party to this Agreement shall cooperate fully in the execution of any and all other documents and in the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

26.     **Severability:**  The paragraphs of this Agreement are severable.  A finding that any particular paragraph of this Agreement is invalid and/or unenforceable shall not affect the validity or enforceability of the remaining provisions of the Agreement.

27.     **Governing Law and Jurisdiction:**  This Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of Hawaii.  The venue for any dispute related to and/or arising out of this Agreement shall be the United States District Court for the District of Hawaii.

28.     **Attorney's Fees:**  Each Party to this Agreement shall bear all attorney's fees and costs arising from that Party's own counsel in connection with any efforts or services made in connection with the Dispute, and in connection with the preparation and review of this Agreement.  In the event that any Party hereto fails to perform any of the obligations under this Agreement or in the event a

11

PNC001908

dispute arises concerning the meaning or interpretation of any provision of this Agreement, the Party not prevailing in such dispute shall pay any and all costs and expenses incurred by the other party in enforcing or establishing their rights hereunder, including without limitation court costs and reasonable attorney's fees. This paragraph shall be applicable to this entire Agreement.

29.     **Taxes:** With respect to any and all taxes deemed due and owing with respect to the Payments pursuant to this Agreement or any other consideration that has been received by the AGUSTINS from PNC or FIRST AMERICAN, (i) the AGUSTINS agree that they shall be solely responsible for the full payment of all such taxes and any interest, penalties or costs imposed in connection with such determination or imposed as a result of the failure to withhold any sums from the First American Payment or the PNC Payment or any other consideration that has been received by the AGUSTINS from PNC or FIRST AMERICAN, and (ii) the AGUSTINS indemnify and hold harmless PNC and FIRST AMERICAN from and against all claims, damages, liabilities, demands, causes of action, costs and expenses, including, but not limited to, reasonable attorneys' fees incurred by PNC or FIRST AMERICAN, and interest and penalties arising out of or in connection with the payment or nonpayment of any taxes relating to the First American Payment or the PNC Payment or any other consideration that has been received by the AGUSTINS from PNC or FIRST AMERICAN including, but not limited to, the failure to withhold any sums from the First American Payment or the PNC Payment or any other consideration that has been received by the AGUSTINS from PNC or FIRST AMERICAN.

30.     **Use of Headings and Captions in Agreement:** The headings and captions inserted in this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

31.     **Singular/Plural Interpretation:** References to Party or Parties herein shall be interpreted as singular and/or plural as the context of the reference dictates.

12

32.   **Counterparts and Facsimile Signatures:** This Agreement may be executed in any number of counterparts, and with email or facsimile signatures, with the same effect as if all of the Parties hereto had signed the same document. All counterparts shall be construed together and shall constitute one agreement. If a facsimile or email signature is provided, the original copy of that signature will be sent via mail to the other Party. Absent an original signature, it is hereby understood and agreed that a facsimile or email signature shall be binding upon the Parties and otherwise admissible under the Best Evidence Rule.

33.   **No Waiver:** The failure of any member of any party hereto to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such a provision, nor in any way to effect the validity of this Agreement or any part hereof or the right of any party thereafter to enforce each and every such provision. No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

34.   **Notices.** All notices to be delivered in connection with this Agreement shall be in writing and shall be personally delivered or sent by certified mail, return receipt requested, and shall be deemed to be given upon receipt if personally delivered, or if mailed, forty-eight (48) hours after being deposited in the United States mail, postage prepaid. In lieu of mailing, either Party may cause delivery of such notices, demands and requests to be made by personal service, telegram or air freight, provided that written proof of delivery is given to the sender. All such notices, demands or requests shall be delivered to the following addresses:

> PNC BANK, NATIONAL ASSOCIATION:
> c/o The Law Office of David B. Rosen, ALC
> Attn: David B. Rosen, Esq.
> 810 Richards Street, Suite 880
> Honolulu, HI 96813
>
> FIRST AMERICAN TITLE COMPANY, INC.:

PNC001910

c/o McCorriston Miller Mukai MacKinnon
Attn:  David J. Minkin, Esq.
P.O. Box 2800
Honolulu, Hawaii 96803

AGUSTINS:
c/o Law Office of George J. Zweibel
Attn: George J. Zweibel, Esq.
45-3590A Mamane Street
Honoka'a, Hawaii 96727

   and

Jamae K. K. Kawauchi, Esq.
American Savings Bank Building
100 Pauahi Street, Suite 201
Hilo, Hawaii 96720


IN WITNESS WHEREOF, the parties to this Agreement set forth their signatures below.

PNC BANK, NATIONAL ASSOCIATION

Dated: _5-6-11_     By: _BRIAN J. ARTHUR_
             Its: _ASSISTANT VICE PRESIDENT_


APPROVED AS TO FORM:

THE LAW OFFICE OF DAVID B. ROSEN, ALC

Dated: _6/27/11_

DAVID B. ROSEN
Attorney for Defendant PNC BANK, NATIONAL
ASSOCIATION


14

PNC001911

FIRST AMERICAN TITLE COMPANY, INC.

Dated: May 9, 2011

By: Patsy K. Saiki

Its: Senior Vice President

APPROVED AS TO FORM:

MCCORRISTON MILLER MUKAI MACKINNON

Dated: _____

DAVID J. MINKIN
Attorney for Defendant FIRST AMERICAN TITLE COMPANY, INC.

15

PNC001912

Dated:_____

_____
ANNETTE KUULEI AGUSTIN

Dated:___7 / 7 / 11_____

_____
GEORGE BRUNO AGUSTIN SR.

Dated:_____

_____
JEFFREY KANE AGUSTIN

APPROVED AS TO FORM:

LAW OFFICE OF GEORGE J . ZWEIBEL

Dated:_____

_____
GEORGE J. ZWEIBEL
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

JAMAE K. K. KAWAUCHI, ATTORNEY AT
LAW

Dated:_____

_____
JAMAE K. K. KAWAUCHI
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

16

PNC001913

Dated: 5/10/11

_____
ANNETTE KUULEI AGUSTIN

Dated: _____

_____
GEORGE BRUNO AGUSTIN SR.

Dated: 5/10/11

_____
JEFFREY KANE AGUSTIN

APPROVED AS TO FORM:

LAW OFFICE OF GEORGE J. ZWEIBEL

Dated: _____

_____
GEORGE J. ZWEIBEL
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

JAMAE K. K. KAWAUCHI, ATTORNEY AT
LAW

Dated: _____

_____
JAMAE K. K. KAWAUCHI
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

16

PNC001914

Dated:_____     _____
                                   ANNETTE KUULEI AGUSTIN


Dated:_____     _____
                                   GEORGE BRUNO AGUSTIN SR.


Dated:_____     _____
                                   JEFFREY KANE AGUSTIN


APPROVED AS TO FORM:

                                   LAW OFFICE OF GEORGE J . ZWEIBEL

Dated:_____     _____
                                   GEORGE J. ZWEIBEL
                                   Attorney for Plaintiffs ANNETTE KUULEI
                                   AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
                                   JEFFREY KANE AGUSTIN


                                   JAMAE K. K. KAWAUCHI, ATTORNEY AT
                                   LAW

Dated:_____     _____
                                   JAMAE K. K. KAWAUCHI
                                   Attorney for Plaintiffs ANNETTE KUULEI
                                   AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
                                   JEFFREY KANE AGUSTIN

16

PNC001915

Dated:_____     _____
                                    ANNETTE KUULEI AGUSTIN


Dated:_____     _____
                                    GEORGE BRUNO AGUSTIN SR.


Dated:_____     _____
                                    JEFFREY KANE AGUSTIN


APPROVED AS TO FORM:


                                    LAW OFFICE OF GEORGE J. ZWEIBEL


Dated:_____     _____
                                    GEORGE J. ZWEIBEL
                                    Attorney for Plaintiffs ANNETTE KUULEI
                                    AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
                                    JEFFREY KANE AGUSTIN


                                    JAMAE K. K. KAWAUCHI, ATTORNEY AT
                                    LAW


Dated:_____     _____
                                    JAMAE K. K. KAWAUCHI
                                    Attorney for Plaintiffs ANNETTE KUULEI
                                    AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
                                    JEFFREY KANE AGUSTIN


16

PNC001916

## ADDENDUM

This Addendum ("Addendum") to the Settlement Agreement, Waiver, and Mutual Release ("Agreement") is made and entered into on the last day set forth on the signature pages hereto by ANNETTE KUULEI AGUSTIN ("ANNETTE"), GEORGE BRUNO AGUSTIN SR. ("GEORGE SR."), and JEFFREY KANE AGUSTIN ("JEFFREY") (referred to herein as the "AGUSTINS"), PNC BANK, NATIONAL ASSOCIATION incorrectly named in the Complaint as PNC FINANCIAL SERVICES GROUP, INC., SUCCESSOR BY MERGER TO NATIONAL CITY BANK (referred to herein as "PNC"), and FIRST AMERICAN TITLE COMPANY, INC. ("FIRST AMERICAN") (PNC and FIRST AMERICAN are collectively referred to herein as "Defendants"). In the remainder of this Addendum, the foregoing individuals and entities shall be referred to collectively as the "Parties." The purpose of the Addendum is to modify the Agreement as follows:

a.      Page 3, paragraph 1, of the Agreement shall read:

1.      By 2:00 p.m. on May 18, 2011, the AGUSTINS and all others occupying the Property shall voluntarily vacate and surrender possession of the Property to PNC, or its designee in substantially the same condition as the Property was in on January 11, 2011 and in compliance with paragraph 4 herein;

b.      Page 4, paragraph 4, of the Agreement shall read:

4.      The AGUSTINS will continue to maintain the Property and shall not remove any fixtures from the Property prior to or upon their surrender of possession on or before May 18, 2011;

1

PNC001917

c.  Page 4, paragraph 6, of the Agreement shall read:

6.  Within thirty (30) calendar days of the date of filing of the Request for Dismissal of the Litigation or execution of the Agreement and Addendum, FIRST AMERICAN shall pay the AGUSTINS thirty-five thousand dollars ($35,000.00) only.  FIRST AMERICAN shall deliver its payment to the AGUSTINS (the "First American Payment") to Jamae K.K. Kawauchi, Esq. at 100 Pauahi Street, Suite 201, Hilo, Hawaii 96720.  The First American Payment shall be made payable to the client trust account of Jamae K.K. Kawauchi, Esq. (Federal ID No. _____);

d.  Page 4, paragraph 7, of the Agreement shall read:

7.  PNC shall pay ANNETTE five thousand dollars ($5,000.00) only.  PNC shall deliver its payment to ANNETTE (the "PNC Payment") to Jamae K.K. Kawauchi, Esq. at 100 Pauahi Street, Suite 201, Hilo, Hawaii 96720.  PNC shall not deliver the PNC Payment until PNC conducts an inspection of the Property and finds the Property in broomswept condition;

IN WITNESS WHEREOF, the parties to this Addendum set forth their signatures below.

PNC BANK, NATIONAL ASSOCIATION

Dated: _June 7, 2011_

By: _BRIAN J. ARTHUR_

Its: _ASSISTANT VICE PRESIDENT_

APPROVED AS TO FORM:

THE LAW OFFICE OF DAVID B. ROSEN, ALC

Dated: _6/27/11_

DAVID B. ROSEN
Attorney for Defendant PNC BANK, NATIONAL ASSOCIATION

2

PNC001918

FIRST AMERICAN TITLE COMPANY, INC.

Dated: ___JUN 0 7 2011___

By: ___Patsy K. Saiki___
Its: ___Senior Vice President___

APPROVED AS TO FORM:

MCCORRISTON MILLER MUKAI
MACKINNON

Dated: ___JUN 8  2011___

DAVID J. MINKIN
LAURA S. LUCAS
Attorney for Defendant FIRST AMERICAN TITLE
COMPANY, INC.

3

PNC001919

Dated: 6/10/11

_____
ANNETTE KUULEI AGUSTIN

Dated:_____

_____
GEORGE BRUNO AGUSTIN SR.

Dated: 6|10|11

Jeffrey Kane Agustin
_____
JEFFREY KANE AGUSTIN

APPROVED AS TO FORM:

LAW OFFICE OF GEORGE J. ZWEIBEL

Dated: June 23, 2011

_____
GEORGE J. ZWEIBEL
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

JAMAE K. K. KAWAUCHI, ATTORNEY AT
LAW

Dated:_____

_____
JAMAE K. K. KAWAUCHII
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

4

PNC001920

Dated:_____

ANNETTE KUULEI AGUSTIN

Dated: 06-17-11

GEORGE BRUNO AGUSTIN SR.

Dated:_____

JEFFREY KANE AGUSTIN

APPROVED AS TO FORM:

LAW OFFICE OF GEORGE J. ZWEIBEL

Dated,_____

GEORGE J. ZWEIBEL
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

JAMAE K. K. KAWAUCHI, ATTORNEY AT
LAW

Dated:_____

JAMAE K. K. KAWAUCHI
Attorney for Plaintiffs ANNETTE KUULEI
AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
JEFFREY KANE AGUSTIN

4

PNC001921

Dated:_____        _____
                                      ANNETTE KUULEI AGUSTIN


Dated:_____        _____
                                      GEORGE BRUNO AGUSTIN SR.


Dated:_____        _____
                                      JEFFREY KANE AGUSTIN


APPROVED AS TO FORM:

                                      LAW OFFICE OF GEORGE J . ZWEIBEL

Dated:_____        _____
                                      GEORGE J. ZWEIBEL
                                      Attorney for Plaintiffs ANNETTE KUULEI
                                      AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
                                      JEFFREY KANE AGUSTIN


                                      JAMAE K. K. KAWAUCHI, ATTORNEY AT
                                      LAW

Dated:_____        _____
                                      JAMAE K. K. KAWAUCHI
                                      Attorney for Plaintiffs ANNETTE KUULEI
                                      AGUSTIN, GEORGE BRUNO AGUSTIN SR., and
                                      JEFFREY KANE AGUSTIN


4

PNC001922